**Iona Starr DOBY, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–2443**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1971.

Iona S. Doby, in pro. per.; Harry Walsh, Staff Counsel for Inmates, Texas Dept. of Corrections, Roy E. Greenwood, Huntsville, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Robert Darden, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant is a Texas state prisoner under a life sentence imposed by enhancement after a third felony conviction. The District Court denied without evidentiary hearing her petition for writ of habeas corpus alleging that in the two prior convictions, in 1953 and 1955, she was not represented by counsel and was denied her right to counsel.

The District Court held that in the earlier cases she was represented by counsel and that in both instances the counsel was effective. Appellant urges that both findings are erroneous, while respondent says both are correct but alternatively points out that while alleged lack of counsel was state-exhausted alleged ineffectiveness was not.

■ We agree with respondent's alternative contention that effectiveness of counsel was not raised in the state habeas proceedings. In addition, in the federal habeas court, appellant's petition, respondent's answer, and appellant's sworn reply and separate affidavit are directed solely to the issue of whether appellant did or did not have counsel. The issue of effectiveness was not before the habeas court for decision, and should be first determined in the courts of Texas.

The records of the trial courts and the affidavit of the attorney apparently shown by the records as appellant's counsel in the 1953 case were sufficient basis to support the District Court's conclusion that appellant had counsel

\* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

and to reject her unsupported statements that she did not.

The finding that representation by counsel in the 1953 and 1955 cases was effective is vacated, and as modified the judgment of the District Court is affirmed.